[819 NYS2d 540]

In the Matter of Mary K. Henning, a Suspended Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, July 25, 2006

162

*Gary L. Casella,* White Plains (*Eddie Still* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated March 24, 2005, containing three charges of professional misconduct against her. In an answer dated April 14, 2005, the respondent admitted that she had been convicted of criminal contempt of court, denied that she had engaged in professional misconduct, and asserted three affirmative defenses. Following a preliminary conference on June 7, 2005, a hearing was held on July 12, 2005, and November 1, 2005. By stipulation of the parties, two court exhibits and six petitioner exhibits were submitted into evidence. The Grievance Committee did not call any witnesses. The respondent appeared by counsel and, in mitigation, submitted into evidence an affidavit dated October 28, 2005, and one character letter. No witnesses were called on the respondent's behalf. The Special Referee sustained all three charges. The Grievance Committee now moves to confirm the report of the Special Referee. Although served with the motion to confirm, the respondent has submitted no response or opposition thereto.

Charge One alleges that the respondent has been convicted of a "serious crime" within the meaning of section 90 (4) (d) of the Judiciary Law and Rules of the Appellate Division, Second Department (22 NYCRR) § 691.7 (b), and thereby engaged in conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By decision and order of the Supreme Court, Westchester County (Spolzino, J.), dated July 20, 2004, the respondent was convicted of criminal contempt of court, pursuant to Judiciary Law § 750 (A) (6), in a civil action captioned *Mary K. Henning v Robert A. Ritz,* by reason of her misrepresentation of the court's proceedings by forging the signature of Family Court Judge

Cooney to a stipulation that she held out to be a stipulation and order of the court. The respondent was fined $1,000 and directed to make payment within 30 days or be imprisoned for a period of 30 days.

Charge Two is predicated upon the factual allegations of Charge One and further alleges that respondent engaged in conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Three is predicated upon the factual allegations of Charge One and further alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The petitioner's exhibits included the July 20, 2004, decision and order of the Supreme Court, Westchester County (Spolzino, J.), holding the respondent, inter alia, in civil and criminal contempt of court, a copy of the transcript of the July 29, 2003, hearing before Justice Spolzino in which two witnesses were called to testify at an evidentiary hearing, and the stipulation and order in connection with the Family Court proceedings upon which the adjudication of contempt was based.

The respondent submitted an affidavit in mitigation, advising that at that time she was presenting a motion to the Court of Appeals for leave to appeal the order of this Court affirming the order of the Supreme Court (*Henning v Ritz*, 22 AD3d 524 [2005]), and she requested that any discipline to be imposed be held in abeyance pending a decision of the Court of Appeals. Since that time, the Court of Appeals dismissed her motion by order dated February 16, 2006 (6 NY3d 807 [2006]).

With respect to the finding of criminal and civil contempt, the respondent states that this arises from a matrimonial dispute with her former husband. She also submitted a character letter from Lori A. Sullivan, an attorney, who has known respondent for over 21 years both personally and professionally and attests to the respondent's good character and reputation. She urges this Court to consider that the misconduct herein arises from the respondent's position as a litigant and not as an attorney, and that it resulted from extreme emotional and financial pressures causing an uncharacteristic lapse in judgment. Ms. Sullivan noted that the respondent has always been extremely cognizant of upholding the code of ethics.

As held by the Special Referee, the respondent was estopped from challenging the decision and order of the Supreme Court, Westchester County, as affirmed by the October 11, 2005, decision and order of this Court. 22 NYCRR 691.7 (c) of the Rules of this Court provides that the conviction of an attorney for any crime constitutes conclusive evidence of his or her guilt of that crime in any disciplinary proceeding instituted against him or her based on that conviction.

The Special Referee also properly rejected the affirmative defenses asserted by the respondent with respect to the alleged lack of jurisdiction of the Supreme Court to convict her of criminal contempt, the sufficiency of the evidence, and her claim that criminal contempt is not a "serious crime."

Based upon the doctrine of collateral estoppel, the applicable rules of the Court, and the evidence adduced, the Special Referee properly sustained the three charges. Accordingly, the motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee confirms that the respondent has no prior disciplinary history.

Notwithstanding the mitigation advanced by the respondent, inasmuch as her misconduct goes to the heart of the judicial system, the respondent is disbarred.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Mary K. Henning, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Mary K. Henning, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mary K. Henning, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its applica-

tion or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mary K. Henning, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).