In the Matter of PERRY S. REICH, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [821 NYS2d 294]—

Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1975. He maintained an office for the practice of law in Queens County.

In August 2005, respondent was convicted in the United States District Court for the Eastern District of New York, after a jury trial, of obstruction of justice (*see* 18 USC § 1512 [c] [2]), making false statements to federal law enforcement officials (*see* 18 USC § 1001 [a] [2]), and forging a federal judge's signature (*see* 18 USC § 505), all of which are federal felonies. It appears from the indictment that respondent forged a court order in civil litigation in which he was a defendant, faxed a copy of the order to opposing counsel, and then made false statements to FBI agents who were investigating the matter. In March 2006, respondent was sentenced to 27 months in prison, to be followed by supervised release for two years. He was ordered to pay the following monetary penalties: $300 assessment, $6,000 fine, and $2,625 restitution.

By decision prior to respondent's sentencing, this Court found that respondent had been convicted of serious crimes and suspended respondent from the practice of law until such time as a final order could be entered pursuant to Judiciary Law § 90 (4) (g) (*Matter of Reich*, 25 AD3d 1063 [2006]). Petitioner now moves for such an order and we have heard respondent in mitigation.

Respondent's crimes strike at the heart of the administration of justice insofar as they include forgery of a judicial order and lying to FBI agents. Although respondent's career has included commendable years of private practice and public service, we conclude that, under all of the circumstances herein, respondent should be disbarred (*see e.g. Matter of Henning*, 32 AD3d 161 [2006]).

Mercure, J.P., Crew III, Spain, Mugglin and Rose, JJ., concur.

Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).