Matter of Reich (2020 NY Slip Op 03448)





Matter of Reich


2020 NY Slip Op 03448


Decided on June 18, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 18, 2020

PM-81-20

[*1]In the Matter of Perry S. Reich, a Disbarred Attorney. (Attorney Registration No. 1088582.)

Calendar Date: May 20, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for the Attorney Grievance Committee for the Third Judicial Department.
Eric Nelson, Staten Island, for respondent.



Per Curiam.
Respondent was admitted to practice by the Second Department in 1975. He last listed a Queens business address with the Office of Court Administration.
Upon finding respondent guilty of serious crimes within the meaning of Judiciary Law § 90 (4) as the result of his conviction following a jury trial of various federal felonies stemming from his fabrication of a court order,[FN1] this Court, by September 2006 order, disbarred respondent and struck his name from the roll of attorneys (32 AD3d 1106 [2006]). Respondent now applies for reinstatement by motion made returnable in May 2019. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposed the motion, and we referred the application to a subcommittee of the Committee on Character and Fitness for a hearing and report (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [5]). Respondent appeared before the subcommittee in October 2019. The subcommittee issued a report in March 2020 unanimously recommending that respondent's application for reinstatement be denied. Respondent subsequently submitted an affidavit, counsel's affirmation and documentation in response to the subcommittee's recommendation.
At the outset, we find that respondent has met his threshold burden through his submission of the required documentation in support of his application, including proof that he has successfully completed the Multistate Professional Responsibility Examination within one year preceding his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). Nevertheless, upon our review of, among other things, respondent's application, his submissions to the Court, his testimony before the subcommittee and the adequacy of his responses to the subcommittee's requests for further information, we conclude that respondent has not demonstrated by clear and convincing evidence that he possesses the requisite character and general fitness to resume the practice of law in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Lacking this requisite showing, respondent's application for reinstatement must be denied (see Matter of Canton, 174 AD3d 1281, 1282 [2019]; Matter of Oswald, 135 AD3d 1154 [2016]; Matter of Koziol, 134 AD3d 1298, 1299 [2015]).
Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur. 
ORDERED that respondent's motion for reinstatement is denied.



Footnotes

Footnote 1: Specifically, respondent was convicted following a jury trial in the United States District Court for the Eastern District of New York (United States v Reich, 420 F Supp 2d 75 [ED NY 2006], affd 479 F3d 179 [2d Cir 2007], cert denied 552 US 819 [2007]) of corruptly obstructing a judicial proceeding (see 18 USC § 1512 [c] [2]), forging a judge's signature (see 18 USC § 505) and making a false statement to a federal officer (see 18 USC § 1001 [a] [2]).