Matter of Costello (2021 NY Slip Op 05333)





Matter of Costello


2021 NY Slip Op 05333


Decided on October 6, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
BETSY BARROS, JJ.


2021-01321

[*1]In the Matter of Irene Marie Costello, an attorney and counselor-at-law. (Attorney Registration No. 5368717)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on July 15, 2015. By order to show cause dated March 4, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon her for the misconduct underlying the discipline imposed by an amended opinion and order of the United States District Court for the Southern District of New York, dated February 17, 2021, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Armstrong Teasdale LLP, New York, NY (Eric M. Creizman of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
By amended opinion and order of the United States District Court for the Southern District of New York, dated February 17, 2021 (hereinafter the District Court order), the respondent was suspended from the practice of law in that court for two years, retroactive to January 22, 2020, the date of entry of a stipulation and order of the United States Bankruptcy Court for the Southern District of New York (hereinafter the Bankruptcy Court), barring her, inter alia, from acting as counsel in any matter filed in any bankruptcy court in the United States until further order of the Bankruptcy Court.
Bankruptcy Court Proceedings
Tear Drops of Elegance, Inc. (hereinafter the debtor), was the lessee of certain commercial property where it allegedly operated a beauty salon. The debtor's principal was Gilda Sophia Cruz. The debtor's landlord commenced eviction proceedings against the debtor. The respondent appeared as counsel for both the debtor and Cruz in three bankruptcy cases in the Bankruptcy Court in an attempt to delay the eviction.
According to the District Court order, in approximately August 2018, the respondent "created" a motion for a temporary restraining order (hereinafter the fabricated motion), along with an order on which she forged the signature of the Honorable Cecelia G. Morris, Chief Bankruptcy Judge of the Bankruptcy Court (hereinafter the forged order). The forgery made it appear as though Chief Judge Morris enjoined the debtor's eviction in state court. The respondent sent the fabricated motion to Cruz by email. The email stated:
"Today [August 31, 2018] Charles and I went before the court to [*2]reinstate your case and to seek approval to consolidate the state court matters into the bankruptcy court. Opposing counsel appeared and argued the points in the motion for relief but since he had only sent a letter in opp [sic] the court was not inclined to hear it.
"The judge approved our motion and directed me to submit an Order detailing the relief for her to sign. She also set a schedule for the trial that will be forthcoming with a Pre Trial Status Conference to be held on September 15th with [a] joint status report to be filed by the 6th and October 1st deadline for discovery."
On approximately August 24, 2018, the respondent emailed the forged order to Cruz, to create the impression that it had been entered by the Bankruptcy Court. The fabricated motion and forged order were not filed with or otherwise provided to the Bankruptcy Court.
The forged order and the fabricated motion were discovered when an attorney representing the debtor in connection with a state court eviction proceeding came into possession of the documents and questioned their authenticity. The United States Trustee reviewed the documents at the request of the Bankruptcy Court Clerk's Office; the Trustee asked for an explanation. The respondent admitted that she fabricated the documents.
On November 27, 2019, the respondent wrote to Chief Judge Morris admitting that she "created a fake temporary restraining order that appeared to be signed in Your Honor's name." She further stated: "[w]hat I did was inexcusable, and I must now face the consequences of my misconduct."
Thereafter, the United States Trustee and the respondent, through counsel, negotiated a stipulation and order, entered by United States Bankruptcy Judge Sean H. Lane on January 22, 2020, barring the respondent, inter alia, from acting as counsel in any matter filed in any bankruptcy court in the United States until further order of the Bankruptcy Court.
District Court Proceedings
On June 29, 2020, based on her misconduct in the Bankruptcy Court, the District Court issued an order to show cause and statement of charges, alleging the respondent's violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4(b) (a lawyer shall not "engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer"), (c) (a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation"), and (d) (a lawyer shall not "engage in conduct that is prejudicial to the administration of justice").
The respondent submitted a response on November 2, 2020, in which she did not dispute the material facts pertaining to her misconduct. She conceded that she forged Chief Judge Morris's signature on an order, fabricated the motion, provided both to her client, and made additional false statements that misled Cruz. As reflected in the District Court order, the respondent explained the circumstances surrounding her misconduct and presented "substantial mitigating information." The District Court order stated:
"In evaluating the discipline to impose, the Committee has considered the extraordinary personal, family, and professional circumstances that contributed to Respondent's misconduct. It also considered that she did not gain any financial benefit from the misconduct, and that her conduct seems to have been largely motivated by an overwhelming desire to assuage the anxiety of a sympathetic client. The Committee has considered the fact that there was no prejudice to Respondent's client as a result of her conduct.
"Respondent's counsel has informed the Committee that Respondent resigned from her law practice and has not practiced law while receiving treatment for her substance abuse. Throughout the course of this disciplinary proceeding, Respondent has been cooperative with the Grievance Committee."
The District Court noted that the respondent had requested a stay of the disciplinary [*3]proceeding in that forum, and a discontinuance of the charges. Although there were mitigating circumstances present, that request was denied and the District Court noted that the "act of forging a judge's signature is outrageous and cannot go unpunished." It found that the respondent violated all of the Rules of Professional Conduct cited above, and suspended her from practice in that court for two years, retroactive to January 22, 2020, the date of entry of the Bankruptcy Court stipulation and order.
New York Proceedings
By order to show cause dated March 4, 2021, this Court directed the respondent to show cause why reciprocal discipline should not be imposed upon her in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the District Court's disciplinary action.
In her response, which incorporated and annexed the papers she submitted to the District Court, the respondent does not raise any of the defenses to the imposition of reciprocal discipline contained in 22 NYCRR 1240.13(b). In addressing her misconduct, the respondent contends that she gave her client the documents "to temporarily mollify Ms. Cruz, who was extremely distressed about the eviction of Tear Drops from its business premises." She did not submit the fabricated motion or the forged order to any court, nor did she use those documents for the benefit of Cruz or Cruz's business. The respondent pointed out that weeks after providing her client with the forged order, she informed Cruz that it "would have no real impact in protecting her legal interests" and continued her representation without further discussing the order. The respondent voluntarily paid Cruz $1,500, representing funds she personally received from Cruz for out-of-pocket costs the respondent advanced for court filing and process server fees for legitimate legal work done on Cruz's behalf. Cruz's legal fees were reimbursed by the firms at which the respondent previously was employed.
Once her misconduct came to light, the respondent admitted her misconduct to the United States Trustee. She also wrote a letter to Chief Judge Morris admitting what she did and acknowledging that it was inexcusable, and expressing deep remorse for her having signed the Judge's name to a fabricated order. The respondent states that she has also cooperated with the United States Trustee and met with the attorneys conducting its investigation to discuss the circumstances surrounding her misconduct and to report potential ethical violations she observed while she was employed at certain law firms.
The respondent states that, at the time of the misconduct, she was under extreme personal stress while attempting to balance an overwhelming caseload, which exacerbated her existing mental health conditions of depression and anxiety, triggering a relapse into alcohol abuse. After her misconduct was discovered, the respondent voluntarily entered into a monitoring agreement with the New York City Bar Lawyer Assistance Program (hereinafter NYCLAP), and participated in a one-year substance abuse program. She successfully completed the NYCLAP program and has stayed sober.
The respondent also advises that during the first 90 days of her rehabilitation, she voluntarily ceased practicing law. Thereafter, she started working as a paralegal at a law firm. With her response, the respondent submitted a letter dated April 22, 2021, from her employer stating, inter alia, that he has known the respondent for five years, he has always been impressed with her demeanor in court and with clients, and that her cases always were well prepared. He believes that the respondent's misconduct was an aberration, and does not believe she will have any future issues.
The respondent requests that this Court consider the totality of the circumstances, contending that leniency is warranted where the attorney's misconduct is an aberration and the attorney was suffering from a psychological condition, substance addiction, or personal or family crisis during the relevant period.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts reports that the respondent has no prior disciplinary history in New York, but was administratively suspended from practicing in the Pennsylvania courts in October 2017, for failure to satisfy continuing legal education requirements. She was reinstated in 2019, and administratively suspended again, for the same reason, after entry of the January 22, 2020, Bankruptcy Court stipulation and order.
Findings and Conclusion
We find that reciprocal discipline is warranted, based on the discipline imposed by the District Court.
In determining an appropriate measure of discipline, we note the factors that the [*4]respondent has offered in mitigation. Her misconduct was not motivated by, and did not result in, financial gain. She admittedly gave the forged order to her client to calm the client's anxiety, but did not submit it to any court or other party. The respondent admitted her wrongdoing, expressed remorse, voluntarily suspended her law practice, and went to work as a paralegal for an attorney who wrote in support of her character. We also note the confluence of certain extraordinary circumstances in the respondent's personal life, occurring at the time of her misconduct, and her lack of a disciplinary history in New York. Notwithstanding the mitigation advanced, we find that the respondent's forgery of a judge's signature constitutes serious professional misconduct. It has been aptly described as "go[ing] to the heart of the judicial system" (Matter of Henning, 32 AD3d 161, 164).
We conclude that reciprocal discipline is warranted based on the findings of the District Court, and, under the particular and unique circumstances of this case, we conclude that an 18-month suspension is appropriate.
LASALLE, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Irene Marie Costello, is suspended from the practice of law for a period of 18 months, commencing November 8, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 9, 2022. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Irene Marie Costello, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Irene Marie Costello, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Irene Marie Costello, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Acting Clerk of the Court